**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GENERAL MARITIME TRANSPORTATION SERVICES, INC.,** | **CIVIL ACTION** |
| **Plaintiff,** | **NO: ___________** |
| **vs.** | **SECTION "__"** **Honorable ___________** |
| **SWISSMARINE PTE LTD.,** **Defendant.** | **MAGISTRATE (_)** **Honorable ___________** |

# VERIFIED COMPLAINT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COMES** Plaintiff, General Maritime Transportation Services, Inc. ("GMT"), through undersigned counsel, and for its Complaint against Defendant, SwissMarine PTE LTD. ("SwissMarine"), alleges and pleads as follows:

## JURISDICTION AND VENUE

1.

This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has admiralty jurisdiction under Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333. The matter is instituted in accordance with the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") in order to obtain security and jurisdiction.

2.

Venue is proper in the Court in accordance with the provisions of Rule B, as the facts giving rise to this claim occurred in this District and SwissMarine has, upon information and belief, property in this judicial District in the form of the bunkers, as well as other tangible and/or intangible property of SwissMarine, aboard SwissMarine's time chartered vessel, the M/V PONT-ROUGE (IMO No. 1040849), which currently is, or during the pendency of this civil action, will be lying afloat in the Mississippi River within the jurisdiction of the Honorable Court.

**PARTIES**

3.

At all material times, Plaintiff GMT was and is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in Destrehan, Louisiana. GMT is a steamship agent, providing services for oceangoing vessels calling in and around the navigable waters of the Lower Mississippi River.

4.

At all material times, Defendant SwissMarine was and now is a corporation or other business existing under the laws of Singapore or some other foreign country, having no office or place of business within this judicial district. Upon information and belief, SwissMarine is in the business of, among other things, chartering and operating oceangoing vessels, including but not limited to the M/V KYPROS BRAVERY and the M/V PONT-ROUGE.

## OPERATIVE FACTS

5.

On or about October 8, 2026 SwissMarine retained GMT to act as the agent of record for the oceangoing ship M/V KYPROS BRAVERY's call to the Lower Mississippi River to load a cargo of coal, which call ultimately occurred between October 25, 2026 and November 3, 2026.

6.

Pursuant to the parties' agreement, SwissMarine was to prefund GMT for the anticipated charges for the M/V KYPROS BRAVERY's subject call, which GMT would use to pay the various vendors (pilots, stevedores, tugs, etc.) and, following the call, GMT would either refund the balance of these funds, if any, to SwissMarine, or alternatively, if additional funds were required to pay the various vendors, SwissMarine agreed to provide additional funds to satisfy the vendor's charges.

7.

It was critical to GMT's agreement to act as the vessel agent that SwissMarine would disburse the required funds incurred during the subject call in a timely fashion, as GMT's business would be harmed substantially if there was any default to the various vendors.

8.

Accordingly, on October 21, 2026, SwissMarine wired $587,975.00 into GMT's bank account with respect to the upcoming port call to load the cargo.

9.

On October 30, 2026, the M/V KYPROS BRAVERY grounded at or around Mile 158 of the Lower Mississippi River which is within this District.

10.

As a consequence of this grounding incident, the M/V KYPROS BRAVERY incurred $768,026.94 in additional services, including mandated compulsory pilotage fees and additional cargo handling fees, beyond what was anticipated at the time of the October 21, 2026, prefunding.

11.

Specifically, the New Orleans-Baton Rouge Steamship Pilots Association ("NOBRA") invoiced $186,856.20 in additional compulsory pilotage services provided to the vessel. *See* Exhibit 1, *in globo*.

12.

Additionally, Associated Terminals, LLC ("Associated Terminals") invoiced $581,170.74 in additional services for cargo unloading, loading and terminal fees, etc. provided to the vessel. *See* Exhibit 2, *in globo*.

13.

These invoices were issued to the vessel-interests via GMT, and in line with their customary practice and without waiving any other rights under maritime law, NOBRA and Associated Terminals demanded payment from GMT of its invoices, failing which GMT is at risk of these vendors denying services for all other vessels under GMT's care, which would result in severe adverse consequences for GMT's business.

14.

The NOBRA invoices became due on November 17, 2026, but despite many demands by GMT, SwissMarine has failed to disburse the sums owed, despite stating to GMT that it intended to do so via email on November 16, 2026. *See* Exhibit 3. Instead, on November 18, 2026,

SwissMarine acknowledged payment is due to GMT for pilotage fees and port costs but refused to pay for those services rendered during the port call. *See* Exhibit 4.

15.

Similarly, the Associated Terminals invoices became due on November 4, 2026, but despite demands by GMT, SwissMarine has failed to disburse the sums owed.

16.

To date, SwissMarine has not argued that the above-noted charges were not incurred and/or that the above-noted charges are not due but instead has stated that the M/V KYPROS BRAVERY's owner should pay them, at least in the first instance (with the owner in turn stating the opposite). However, pursuant to SwissMarine's agreement with GMT and standard custom and practice in the industry, SwissMarine is required to settle the charges in a timely fashion.

**FIRST CAUSE OF ACTION: BREACH OF MARITIME CONTRACT**

17.

GMT repeats and re-alleges paragraphs 1 through 16 set out hereinabove as though the same were more thoroughly set forth at length herein.

18.

Although GMT fulfilled its obligations under its contract with SwissMarine, the latter has refused to pay the sums due and owing to GMT to settle the vessel charges undisputedly incurred and owed during the M/V KYPROS BRAVERY's subject call to the Mississippi River.

19.

SwissMarine's refusal to pay the sums owed as set forth in Exhibits 1 and 2 constitutes a breach of its contract with GMT for which SwissMarine is liable.

20.

The principal amount owed to GMT by SwissMarine for breach of these maritime contracts is at least $768,026.94, plus further consequential damages GMT incurs to the extent vendors take action against GMT as a consequence of SwissMarine's failure to disburse the aforementioned amount to GMT, plus interest, costs and attorney's fees.

**SUPPLEMENTAL RULE B RELIEF**

21.

GMT repeats and re-alleges paragraphs 1 through 20 set out hereinabove as though the same were more thoroughly set forth at length herein.

22.

The above-described contract between GMT and SwissMarine is a maritime contract, the breach of which by SwissMarine gives rise to a maritime claim for which GMT seeks security.

23.

Plaintiff also seeks jurisdiction over SwissMarine, who cannot be found within this District, maintains no office or place of business within this District, and has no officer, managing agent, or agent for service of process within this District, and is believed to have assets in this jurisdiction, namely the bunkers, as well as other tangible and/or intangible property of SwissMarine, aboard its chartered vessel, the M/V PONT-ROUGE (IMO No. 1040849), which currently is lying afloat in the Mississippi River within the jurisdiction of the Honorable Court, pursuant to a Writ of Foreign Attachment to be issued attaching SwissMarine's bunkers and other tangible and/or intangible property aboard the vessel, requiring SwissMarine to answer the allegations detailed above and to provide security for GMT's claims, all in accordance with Rule B.

24.

All and singular, the matters alleged herein are true and correct. GMT reserves the right to amend and supplement this Verified Complaint as further facts become available.

**WHEREFORE**, GMT prays that:

1. Its Verified Complaint be deemed good and sufficient;
2. Because SwissMarine cannot be found within this District, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B, attaching all of SwissMarine's tangible and intangible property in this District or any other funds in this District which are due and owing or otherwise the property of SwissMarine, including the bunkers aboard SwissMarine's chartered vessel, the M/V PONT-ROUGE up to the principal amount of $768,026.94 to secure GMT's claims, as best as can be presently ascertained, together with interest, costs and attorney's fees, all other costs of this action, including Marshal's fees and expenses;
3. SwissMarine's tangible and intangible property in this District, including the bunkers owned by SwissMarine aboard the M/V PONT-ROUGE, be attached forthwith pursuant to Rule B pursuant to a writ of foreign attachment in the principal amount of $768,026.94, as best as can be presently ascertained;
4. This Honorable Court enter a judgment in favor of GMT and against SwissMarine for the total amount of GMT's damages and that the property attached as security for GMT's claims herein be condemned and sold for the aforesaid amount, together

with interest, costs and attorney's fees, all other costs of this action, including Marshal's fees and expenses;

5. GMT have such other and further relief as the law and justice may require; and

6. Plaintiff agrees to release and hold harmless, and indemnify the United States of America, the United States Marshals Service, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the vessel's bunkers.

Respectfully submitted,

*/s/ T. Patrick O'Leary*
Andrew S. de Klerk (LA 1045), T.A.
T. Patrick O'Leary (LA 30655)
Brandon K. Thibodeaux (LA 32725)
Jessica I. Sawyer (LA 39328)
**FRILOT L.L.C.**
3700 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3700
Phone: 504.599.8000
Fax: 504.619.4988
mclements@frilot.com
poleary@frilot.com
bthibodeaux@frilot.com
jsawyer@frilot.com
***Counsel for Plaintiff, General Maritime Transportation Services, Inc.***

**INSTRUCTIONS FOR U.S. MARSHALS SERVICE:**

PLEASE SERVE THE WRIT OF FOREIGN ATTACHMENT AND ATTACH THE BUNKERS OWNED BY DEFENDANT ABOARD THE M/V PONT-ROUGE, PRESENTLY LYING AFLOAT AT THE BONNET CARRE ANCHORAGE, ABOUT MILE 128 AHEAD OF PASSES (EAST BANK).