**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GENERAL MARITIME TRANSPORTATION SERVICES, INC., Plaintiff,** | **CIVIL ACTION** |
| **vs.** | **NO: 26-2656** |
| **SWISSMARINE PTE LTD., Defendant.** | **SECTION: H** |

**ORDER APPOINTING GLOBAL MARITIME SECURITY INC. AS SUBSTITUTE CUSTODIAN**

Upon the motion of Plaintiff, General Maritime Transportation Services, Inc., for the appointment of a substitute custodian for the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE in lieu of the U.S. Marshals Service in this case, and good cause appearing therefore, it is hereby:

**ORDERED** that Plaintiff's Motion to Appoint Substitute Custodian is **GRANTED**, and the U.S. Marshals Service shall transfer custody of the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE, immediately following the attachment, to the custody of the substitute custodian, Blue Marine Security, LLC; and

**IT IS FURTHER ORDERED** that upon transfer of the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE to the substitute custodian, the aforesaid substitute custodian shall be appointed to act as substitute custodian of the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE during *custodia legis* on behalf of this Court, in place and instead of the

U.S. Marshals Service, until written notice of release has been given by the Plaintiff to the U.S. Marshals Service or has been ordered by this Court; and

**IT IS FURTHER ORDERED** that upon transfer of the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE to the substitute custodian by the U.S. Marshals Service, the U.S. Marshals Service shall not be liable for any loss occurring while the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE remains in the custody of the substitute custodian; and

**IT IS FURTHER ORDERED** that after the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE, are attached, the substitute custodian shall cause and be responsible to have the vessel remain at an appropriate berth and/or anchorage within the Eastern District of Louisiana; and

**IT IS FURTHER ORDERED** that during *custodia legis*, the substitute custodian will permit the M/V PONT-ROUGE to undergo normal cargo operating, both loading and discharge, shift berths within the Eastern District of Louisiana, and/or undergo repairs, but always at the risk and expense of the vessel's interest and always remaining within the District.

Plaintiff and Blue Marine agree to release, hold harmless, and indemnify the United States of America and the U.S. Marshals Service, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the attachment of the bunkers, as well as other tangible and/or intangible property of Defendant located onboard the M/V PONT-ROUGE.

New Orleans, Louisiana, this 19th day of November, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**